**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:23-cv-1676

RICK HARTKOPP,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY and

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendants.

---

**CIVIL COMPLAINT AND JURY DEMAND**

---

COMES NOW the Plaintiff Rick Hartkopp, by and through his attorneys Dormer Harpring, LLC, for this Civil Complaint against Defendants State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company, alleges and avers as follows:

1. At all times relevant to this action, Plaintiff was and is a resident of the State of Colorado.

2. At all times relevant to this action, Defendants State Farm Fire and Casualty Company ("State Farm Fire") and State Farm Mutual Automobile Insurance Company ("State Farm Mutual"); collectively "Defendants State Farm," were and are Illinois based corporations authorized to do business in the State of Colorado.

3. At all relevant times Plaintiff was "insured" pursuant to the language of the subject insurance policy issued by Defendants State Farm.

4. Venue is proper in the U.S. District Court of Colorado pursuant to 28 U.S.C. 1332(a) because of diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**FACTUAL ALLEGATIONS**

5. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 4 of this Civil Complaint and Jury Demand as if set forth verbatim.

6. On or about February 10, 2019, at approximately 3:09 p.m. ("the time of the collision"), Plaintiff was operating a 2010 Toyota RAV-4.

7. Plaintiff's daughter, Hope Hartkopp, was a front-seat passenger in the Toyota Plaintiff was operating at the time of the collision.

8. Plaintiff was traveling northbound on Colorado Interstate 25 at or near its intersection with 6th Avenue in Denver County, Colorado.

9. Plaintiff was traveling in the number two lane of Interstate 25 immediately prior to the collision.

10. At the same time, Orlando Morquecho was operating a 2011 Ford Fiesta which he owned.

11. Prior to the collision, Mr. Morquecho was also traveling northbound on Colorado Interstate 25 at or near its intersection with 6th Avenue.

12. Courtland Wilson was operating a Subaru Impreza at the time of the collision, and traveling northbound on Colorado Interstate 25 as well.

13. Mr. Wilson was traveling in the number one lane of northbound Interstate 25 immediately prior to the collision.

14. Mr. Morquecho attempted to cross one or more lanes of northbound Interstate 25 to the left.

15. Plaintiff was unable to avoid Mr. Morquecho's vehicle.

16. Mr. Morquecho's vehicle and Plaintiff's vehicle collided.

17. As a result of the impact, Plaintiff's vehicle was pushed into a barrier on the left side of northbound Interstate 25.

18. As a result of the impact, Mr. Morquecho's vehicle was forced into Mr. Wilson's vehicle.

19. Prior to the collision, Plaintiff's vehicle was traveling approximately 60 miles per hour at the time of impact.

20. Prior to the collision, Mr. Morquecho's vehicle was traveling approximately 55 miles per hour.

21. Airbags deployed in Mr. Morquecho's vehicle and Plaintiff's vehicle.

22. No adverse weather conditions contributed to the cause of the collision.

23. Mr. Morquecho was cited by the Colorado State Patrol for careless driving.

24. Mr. Morquecho was cited by the Colorado State Patrol for failure to produce proof of insurance.

25. The collision of Mr. Morquecho's vehicle into Plaintiff's vehicle was caused as a result of Mr. Morquecho's negligence.

26. Plaintiff was not comparatively negligent in causing the collision described above.

27. Plaintiff was not comparatively negligent in causing the injuries he suffered as a result of the collision described above.

28. The collision described above was caused by the negligence of Orlando Morquecho.

29. At the time of the collision, Mr. Morquecho and his vehicle were not covered by a bodily injury insurance policy.

30. As a result, Orlando Morquecho was an uninsured motorist at the time of the collision.

31. At the time of the collision, Plaintiff was insured through insurance policy number 035-1556-D13-06Q issued by Defendant State Farm Mutual, and that insurance policy provided uninsured motorist ("UM") benefits of $250,000.00 per person.

32. At the time of the collision, Plaintiff was insured through insurance policy number 06-J6-2362-2 issued by Defendant State Farm Fire, and that insurance policy provided uninsured motorist ("UM") benefits of $1,000,000.00.

33. At the time of the collision, Plaintiff was "insured" pursuant to the language of the subject insurance policies issued by Defendants State Farm.

34. On February 19, 2019, Plaintiff's counsel sent a letter of representation to Defendants State Farm, alerting Defendants of Uninsured Motorist claim and Medical Payments claims related to this motor vehicle collision.

35. In its letter of representation, Plaintiff's counsel requested a certified copy of any applicable insurance policies.

36. Defendant State Farm Mutual has paid Plaintiff $69,946.83 of his Uninsured Motorist benefits to compensate him for this incident.

37. Plaintiff has received five *Fisher* payments: $189.00 on September 29, 2020; $2,850.00 and $9,413.94 on January 7, 2021; $27,712.10 on November 30, 2021, and $29,781.79 on January 10, 2023.

38. Defendant State Farm Mutual included with all *Fisher* payments, other than that issued January 10, 2023, a letter stating that it had determined the expenses necessitating the payments to be a covered benefit of the policy.

39. On January 11, 2022, Plaintiff filed suit against Defendant State Farm Mutual in Colorado state court, claiming Breach of Contract and Determination of UM Benefits.

40. On February 9, 2022, Defendant State Farm Mutual filed a notice of removal of the case to federal court.

41. On April 4, 2022, Plaintiff amended his Complaint to add Defendant State Farm Fire.

42. On October 10, 2022, Plaintiff disclosed affirmatively Dr. Barry Ogin. Dr. Ogin opined that Plaintiff's neck and back injuries were caused by the crash; that his

medical treatment was reasonable, necessary and related to the crash; that he would require future ongoing care and that he had a physical impairment of 11% due to the crash.

43. On October 10, 2022, Plaintiff disclosed affirmatively Mark Guilford who priced Dr. Ogin's future medical treatment recommendations in the amount of $134,555.00 to $185,940.00.

44. Plaintiff also disclosed Dr. Matthew Decamp, Plaintiff's treating primary care doctor who referred Plaintiff to a pain management specialist to discuss injection procedures, who opined that the car crash caused Plaintiff's injuries and necessitated his treatment.

45. Defendants disclosed no affirmative experts.

46. Defendants disclosed no rebuttal experts.

47. Defendants did not request the depositions of any treating medical professional in this case.

48. Defendants did not request the deposition of Dr. Barry Ogin.

49. Defendants did not request the deposition of Mark Guilford.

50. The discovery deadline in the underlying matter elapsed on November 28, 2022.

51. The opinions of Plaintiff's treaters and experts regarding Plaintiff's medical treatment, future medical treatment needed and impairment rating, are undisputed by any other expert evidence.

52. On December 12, 2022, counsel for Plaintiff sent a letter to Defendants requesting payment of economic damages to total at least $251,413.69 due to the uncontradicted past and future medical bills.

53. In the December 12, 2022 letter, counsel for Plaintiff also requested Defendants State Farm evaluate Plaintiff's non-economic and impairment damages and tender benefits owed at that time.

54. Plaintiff requested a response to the letter by December 27, 2022.

55. Counsel for Plaintiff followed up with counsel for Defendants on December 28, 2023 seeking a response to the request for benefits.

56. On December 30, 2022, defense counsel responded that he did not have a response to the letter.

57. Defendants had no reasonable basis to dispute Plaintiff's future treatment costs.

58. Defendants State Farm did not respond to the December 12, 2022 letter.

59. Defendants had a duty to reasonably communicate with their insured.

60. Defendants failed to reasonably communicate with Plaintiff.

61. Defendants State Farm sent its final Fisher payment of $29,781.79 on January 10, 2023 to compensate Plaintiff for past medical bills.

62. Plaintiff moved to amend his Complaint to add claims of statutory bad faith and common law bad faith on February 8, 2023.

63. On March 1, 2023, Defendants filed its Response to Plaintiff's Motion.

64. On May 30, 2023, Judge Robert Blackburn denied the Motion to Amend the Complaint to Add Bad Faith Claims. Judge Blackburn cited the timing to the Motion as reasoning for his denial, rather than the merits of the claims.

65. Between June 20 and June 23, 2023, Plaintiff put on evidence of his injuries caused by the underlying car crash to a jury in the U.S. District Court of Colorado in a trial overseen by Judge Robert Blackburn.

66. After nearly five hours of deliberation, the jury returned a verdict totaling $2.4 million.

67. In the verdict, the jury found that Plaintiff sustained injuries, damages, and/or losses from the motor vehicle crash.

68. In the verdict, the jury awarded $1.8 million in non-economic damages, $800,000.00 in economic damages, and $400,000.00 in physical impairment damages.

69. As a direct and proximate result of the collision described above, Plaintiff suffered damages in at least the amount of $2.4 million.

70. As a direct and proximate result of the collision described above, Plaintiff incurred economic damages at least in the amount of $800,000.00.

71. As a direct and proximate result of the collision described above, Plaintiff incurred non-economic damages at least in the amount of $1.2 million.

72. As a direct and proximate result of the collision described above, Plaintiff suffers from lasting physical impairment in at least the amount of $400,000.00.

73. Plaintiff is entitled to recover uninsured motorist benefits pursuant to state law, as well as the insurance contracts with Defendant State Farm Mutual and State Farm Fire, which provide uninsured motorist and umbrella coverage benefits.

**FIRST CLAIM FOR RELIEF**

**Unreasonable Delay / Denial under C.R.S. 10-3-1115 and 10-3-1116 Against Defendants State Farm**

74. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 73 of this Civil Complaint and Jury Demand as if set forth verbatim.

75. Plaintiff is a first-party claimant with respect to the UM benefits he has requested from his insurance carriers, Defendants State Farm.

76. Defendants State Farm have the responsibility to promptly investigate, evaluate and pay this claim.

77. Plaintiff has provided Defendants State Farm with copies of his medical records and bills for treatment of the injuries sustained in the crash, as well as prior medical records.

78. Plaintiff has provided Defendants State Farm with medical and expert opinions regarding Plaintiff's causation of injuries, medical treatment, future medical care needed, and physical impairment.

79. Plaintiff has provided Defendants State Farm with a medical authorization to collect his medical records and bills for treatment of the injuries sustained in the crash, as well as for his prior medical records.

80. Defendants State Farm has paid Plaintiff just $69,946.83 of his Uninsured Motorist benefits.

81. A jury found that Plaintiff had incurred $2.4 million in damages related to the motor vehicle crash.

82. Defendants State Farm did not tender the amount of economic damages as opined by Dr. Barry Ogin and Mark Guilford upon their disclosure on October 10, 2022, despite not having any contradictory evidence.

83. Defendants State Farm did not evaluate and offer benefits in consideration of Plaintiff's non-economic damages prior to the trial verdict.

84. Defendants State Farm did not evaluate and offer benefits in consideration of Plaintiff's physical impairment rating prior to the trial verdict, despite having no contradictory evidence.

85. Defendants State Farm violated Colorado law in refusing to pay undisputed damages prior to a trial verdict.

86. Defendants State Farm refused to pay Plaintiff the full amount of UM benefits owed to him under his policies.

87. Defendants State Farm have unreasonably delayed and/or denied payments of UM benefits to Plaintiff under C.R.S. §10-3-1115 and C.R.S. §10-3-1116.

88. Defendants State Farm's delay and/or denial was without a reasonable basis.

89. As a direct and proximate cause and result of Defendants State Farm's above knowing or with reckless disregard unreasonable conduct and/or its above

violations, Plaintiff has suffered economic damages and losses, including but not limited to unpaid UM benefits.

90. As a result of Defendants State Farm's unreasonable conduct, Plaintiff is entitled to recover up to two times the covered benefit owed to him, plus reasonable attorney fees and court costs, pursuant to the express provisions of C.R.S. §10-3-1115.

**SECOND CLAIM FOR RELIEF**

**Bad Faith Against Defendants State Farm**

91. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 90 of this Civil Complaint and Jury Demand as if set forth verbatim.

92. At all times relevant, Defendants State Farm owed Plaintiff duties of good faith and fair dealing pursuant to C.R.S. §10-1-101 and §10-3-1113.

93. Defendants State Farm breached their duties to Plaintiff by, among other things, unreasonably denying and/or unreasonably delaying payment of UM benefits under Plaintiff's UM claim.

94. Defendants State Farm had knowledge that its above-referenced conduct or position was unreasonable and/or Defendants State Farm acted in reckless disregard of whether its conduct or position was unreasonable.

95. Defendants State Farm intentionally, knowingly, willfully, unreasonable and/or with reckless disregard violated or otherwise failed to comply with requirements of the Unfair Claims and Settlement Practices Act, C.R.S. §10-3-1104(h).

96. As a direct and proximate cause and result of Defendants State Farm's above knowing or with reckless disregard unreasonable conduct and/or its above

violations, Plaintiff has suffered economic damages and losses, including but not limited to unpaid UM benefits, and non-economic damages and losses, including but not limited to emotional stress and inconvenience.

97. As a result of Defendants State Farm's unreasonable conduct, Plaintiff is entitled to recover the value of his unpaid benefits and the value of the emotional distress the bad faith conduct caused.

## JURY DEMAND

Trial to a Jury of six (6) is demanded on all issues so triable.

WHEREFORE, Plaintiff Rick Hartkopp prays for Judgment against Defendants State Farm Fire and Casualty Company and Defendant State Farm Mutual Automobile Insurance Company in an amount to be fairly compensate the Plaintiff for injuries (as set forth above), costs, court costs, expert witness fees, statutory interest accrued from the date of the subject incident or as otherwise permitted under Colorado law, and for such relief as the Court deems proper.

Respectfully submitted this 30th day of June, 2023.

**Dormer Harpring, LLC**

*/s/Laura Browne*____________
Laura Browne, Co. Reg. 46673
Sean M. Dormer, Co. Reg. 44962
3457 Ringsby Court, Suite 110
Denver, CO 80216
Phone Number: (303) 756-3812
Fax Number: (303) 477-7400
E-mail: lmb@denvertrial.com
smd@denvertrial.com
Attorneys for Plaintiff Rick Hartkopp

Plaintiff's address:
Rick Hartkopp
9130 E Eastman Ave
Denver, CO 80231