IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01676-CNS-STV

RICK HARTKOPP,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY and
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendants.

## ORDER

Before the Court is the Defendants' Motion for Summary Judgment filed by State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company (State Farm). ECF No. 43. Because all of Plaintiff's claims are barred by claim preclusion, State Farm's motion for summary judgment is GRANTED.

### I.   UNDISPUTED MATERIAL FACTS

Plaintiff, Rick Hartkopp, was involved in an automobile accident with Orlando Morquecho (the tortfeasor) on February 10, 2019. ECF No. 43, ¶ 1. On November 18, 2021, State Farm's adjuster sent a letter offering $51,165.04 in benefits to settle the claim. *Id.*, ¶ 6. Plaintiff, dissatisfied with the offer of settlement, filed a lawsuit against State Farm on January 11, 2022 (the first lawsuit). *Hartkopp v. State Farm Fire and Casualty Company et al*, No. 22-cv-00360-REB-SBP; *id.*, ¶ 7. In the first lawsuit, Plaintiff alleged a

1

breach of contract in that State Farm breached the duty of good faith and fair dealing by delaying payment without a reasonable basis, failed to pay the full amount of UM benefits then owed to Plaintiff, materially breached its policy, failed to consider future damages and physical impairment, and failed to compensate Plaintiff as required by the policy and Colorado law. *Id.*, ¶ 8.

The affirmative expert disclosure deadline was October 10, 2022; the rebuttal expert disclosure deadline was October 31, 2022; and the discovery cut-off date was November 28, 2022. ECF No. 64, ¶¶ 1–3 (Plaintiff's response). On December 12, 2022, Plaintiff sent Defendants a letter outlining the expert opinions he had disclosed and requesting payment of benefits to address his future medical treatment, non-economic damages, and permanent physical impairment. *Id.*, ¶ 4. On January 10, 2023, Defendants made a payment of benefits to Plaintiff of $29,781.79. *Id.*, ¶ 9. Plaintiff claimed that the delay in this payment was an unreasonable delay in benefits payment. *Hartkopp v. State Farm Fire and Casualty Company et al*, No. 22-cv-00360-REB-SBP, 2023 WL 9099740 at *3 (D. Colo. May 30, 2023).

Although the deadline to amend the complaint in the above case was April 12, 2022, on February 8, 2023, Plaintiff filed a motion to amend the complaint to add claims of statutory and common law bad faith against Defendants. *Hartkopp*, 2023 WL 9099740 at *1. In support of his motion, Plaintiff alleged that Defendants unreasonably delayed payment of the full total of Plaintiff's past medical bills submitted by Plaintiff and that Defendant refused to pay any amount for future medical treatment, impairment, and non-economic damages. ECF No. 43, ¶ 12. The bad faith claims were largely based on the

2

opinions of Plaintiff's experts discussing Mr. Hartkopp's future medical expenses. *Hartkopp*, 2023 WL 9099740 at *1. The court denied Plaintiff's motion on May 30, 2023. *Id.*

Specifically, Judge Blackburn concluded that Plaintiff's request to amend the complaint was untimely because Plaintiff knew or should have known of the facts supporting the bad faith claims—that State Farm was refusing to pay anything toward future medical expenses—as of the date that Plaintiff disclosed his affirmative experts. *Id.* at *5.[1] Judge Blackburn concluded that there was no valid explanation for Plaintiff's delay in seeking to amend the complaint, and found that there would be undue prejudice to Defendants if the motion were granted because the trial date was in June 2023. *Id*.

The first lawsuit proceeded to a jury trial. ECF No. 43, ¶ 15. The jury returned a verdict in Plaintiff's favor and determined that Plaintiff's damages were $2.4 million, and judgment was entered in the amount of $1,180,053.17. ECF No. 43, ¶ 15, 16.

Plaintiff initiated this second lawsuit on June 30, 2023, alleging statutory and common law bad faith claims against State Farm. *Id.*, ¶¶ 17, 21. Plaintiff filed an amended complaint on September 5, 2023. *Id.*, ¶ 19. The new allegations in the First Amended Complaint all addressed conduct that occurred during the first lawsuit, and included many of the same facts regarding the February 10, 2019 accident. *Id.*, ¶¶ 18, 20. Plaintiff's bad faith claims focus on State Farm's inadequate offer, which did not include non-economic damages; State Farm's failure to pay its full offer of UM benefits; and its failure to pay in

---

[1] In the denial, the court stated that this date was September 16, 2022; Plaintiff claims that the date was actually October 10, 2022, which State Farm did not deny. ECF No. 43, ¶ 17; ECF No. 66, ¶ 17. As discussed further below, it does not matter which of these dates is accurate.

3

response to the December 12, 2022 demand for payment. *Id.*, ¶ 21.

## II. LEGAL STANDARD

Summary judgment is warranted when (1) the movant shows that there is no genuine dispute as to any material fact and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (quotations omitted)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *see also Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

"To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 876 (10th Cir. 2004). The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The moving party bears "the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler*, 144 F.3d at 670–71. If met, "the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts

that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* at 671 (citations and quotations omitted).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted).

### III.  ANALYSIS

State Farm moves for summary judgment based on claim preclusion. For the following reasons, the Court grants the motion.

### A.  Claim Preclusion

Claim preclusion, otherwise known as res judicata, is an affirmative defense, and as a result, State Farm must establish each element by a preponderance of the evidence. Fed. R. Civ. P. 8(c); *Johnson v. Spencer*, 950 F. 3d 680, 708 (10th Cir. 2020). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017). "The preclusive effect of a federal-court judgment is determined by federal common law."[2] *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *Johnson*, 950 F.3d at 708.

---

[2] As the parties note, the Colorado test is essentially identical.

5

To prevail on a claim preclusion defense, Defendants must prove: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits. *Lenox MacLaren Surgical*, 947 F.3d at 1239. A final judgment on the merits of an action "precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action." *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 503–04 (10th Cir. 2002). However, there is an exception to the application of claim preclusion where the party did not have a "full and fair opportunity to litigate" the claim in the previous action. *Lenox MacLaren Surgical*, 847 F.3d at 1239.

Here, the first two elements, final judgment on the merits and identity of parties, do not appear to be in dispute. The parties are identical: Rick Hartkopp and State Farm. There was a jury verdict on the merits in the first lawsuit, which was not appealed. The dispute is about the third element: the identity of the cause of action in both suits.

The inquiry for the third element is "whether the new claims arose out of the same transaction as the claims in the prior action, and should therefore have been included in the prior action." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006). "In determining whether claims concern the same transaction, the court must consider whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Pohl v. U.S. Bank for Merrill Lynch First Franklin Mortg. Loan Tr. Back Certificates Series 2007-4*, 859 F.3d 1226, 1231 (10th Cir. 2017). "Claims arise out of the same transaction when they seek redress for essentially the same basic wrong, and rest

6

on the same or a substantially similar factual basis." *Id.* Claims form a trial unit when the plaintiff knew or should have known the facts necessary to bring the second claim in the first litigation. *Salazar*, 148 P.3d at 282.

Plaintiff first argues that the claims are not the same in the first and second lawsuits, so the transactional test fails. *Id.* at 13. The first claim was for breach of contract and benefits under the UM policy. *Id.* The second case, Plaintiff argues, does not involve Plaintiff's damages resulting from the car crash; the issue is whether the handling of those claims was reasonable, and arises from conduct that occurred during litigation. *Id.* at 14. The Court disagrees. Both claims are based on the same transaction: State Farm's obligations under its insurance contract. They seek redress for essentially the same wrong: the denial of benefits. The facts underlying the two claims are closely related in time, space, origin, and motivation: the automobile accident, the facts of which inform whether State Farm's settlement offer was reasonable. Evidence for the UM benefits claim would substantially overlap with the evidence for the reasonableness of the handling of that claim. The claims also form a convenient trial unit, highlighted by Plaintiff's attempt to raise the bad faith claims in the first lawsuit. Additionally, including the bad faith claims in the first lawsuit would conform to the parties' expectations because parties typically bring bad faith claims together with benefits claims.

Additionally, claim preclusion still applies to conduct that occurred during litigation if the alleged bad faith litigation conduct was a continuation of existing conduct. *Salazar*, 148 P.3d at 281; *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 751 (6th Cir. 2002) (finding that claim preclusion applied where defendant was engaging in the same course of

7

conduct); *Murway*, 435 F. Supp. 3d at 1168–69 (holding that claim preclusion barred a subsequent bad faith claim where the insurer's offers during litigation were not materially different than pre-litigation offers). Here, the bad faith claims are based on State Farm's refusal to pay for future medical expenses, which it had also refused to pay before litigation commenced. While the Court agrees with Plaintiff that bad faith breach of an insurance contract claims can encompass conduct that occurs during and after litigation, these claims could and should have been included in the first lawsuit, which, the Court assumes, is why Plaintiff attempted to amend his complaint in the first lawsuit. *Id.* at 16.

Plaintiff next argues that the bad faith claims are not precluded because he did not have the information needed to support a good faith basis for bringing his bad faith claims against Defendants before he filed the motion to amend the complaint in February 2023. ECF No. 64 at 10. Defendants argue that Plaintiff had knowledge of his bad faith claims no later than April 7, 2022, when Plaintiff included future medical expenses in the estimated value of the case in the scheduling order. *Id.* Plaintiff asserts that his claims of bad faith are "based on the fact that Defendants had no contradictory evidence to that of Plaintiff's experts regarding Plaintiff's future medical care and costs and his impairment," which did not become known until October 2022. *Id.* at 11–12. However, Plaintiff then waited until well after discovery closed (December 2022) to seek to amend. *Id.*

This issue, however, was already decided by Judge Blackburn in the first lawsuit. The court's denial of the motion to amend in the first lawsuit was based on the finding that Plaintiff should have filed the motion to amend after Plaintiff's expert disclosures, which was October 10, 2022 at the latest, rather than in February 2023. *Hartkopp*, 2023 WL

8

9099740 at *5. Plaintiff disagrees, stating that filing a motion to amend before the close of discovery would have alerted Defendants to Plaintiff's strategy and may have prompted Defendants to hire experts or choose to depose Plaintiff's experts. ECF No. 64 at 13. Plaintiffs admit that part of the reason they waited for the close of discovery was "to ensure Defendants could not make a last-minute change in their defense that would ultimately harm Plaintiff." *Id.* Plaintiff's choice not to bring the second claim in a timely manner for strategic purposes, however, does not undermine the fact that Plaintiff could have, and should have, brought the bad faith claims in the first lawsuit. The Court disagrees with Plaintiff's argument that "having good reason to wait" to file a motion to amend the complaint causes the transactional test to fail; the failure to timely file does not create a separate litigation unit or a separate transaction. The claims would have been timely had Plaintiff filed them closer to when he learned of the factual basis for the claims. He knew of State Farm's settlement offers following the accident, and knew that there was no reasonable justification for State Farm's lower offer after the expert disclosures in October 2022, and certainly by the close of discovery in December. As Judge Blackburn concluded, Plaintiff had the information needed to bring the bad faith claims in the first lawsuit but failed to timely assert them. To the extent that Plaintiff disagreed, the proper vehicle to challenge this determination was an appeal.

Defendants cite to numerous cases that have held that a judgment in a benefits action precludes a subsequent bad faith action. *Salazar v. State Farm Mut. Auto. Ins. Co.*, 148 P.3d 278, 280 (Colo. App. 2006); *Porn v. Nat'l Grange Mut. Ins. Co.*, 93 F.3d 31 (1st Cir. 1996); *Koch v. Liberty Mut. Fire Ins. Co.*, 639 F. Supp. 3d 895 (D. Neb. 2022); *Dotson*

*v. Atl. Specialty Ins. Co.*, 24 F.4th 999 (5th Cir. 2022); *Villarreal v. United Fire & Cas. Co.*, 873 N.W.2d 714, 722 (Iowa 2016) (collecting cases). The Court is persuaded that the outcome here should be the same. The claims are based on the same underlying transaction, they would have formed a convenient trial unit, and the parties would expect them to be litigated together. In fact, these parties, specifically Plaintiff, attempted to litigate them together. Because Plaintiff could have included these claims in the first lawsuit, they are based on essentially the same transaction as the claims in the first lawsuit, and they were untimely asserted, the Court concludes that Plaintiff may not pursue these claims in this separate action.

## IV.   CONCLUSION

The evidence, and Judge Blackburn's opinion, establish that Plaintiff knew of the basis for the bad faith claims no later than October 2022 but failed to timely assert them. Because the claims were based on the same transaction as those in the first lawsuit, and because they could have been brought in the first lawsuit, the Court finds that the bad faith claims are barred by claim preclusion. Therefore, the Court GRANTS State Farm's Motion for Summary Judgment. ECF No. 43. Defendants' Rule 72(a) Appeal of and Objections to Discovery Order, ECF No. 65, is DENIED as moot. The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

DATED this day of 13th day of August 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge